**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2364
_____

RICHARD GREISBERG,
                                        Appellant

v.

BOSTON SCIENTIFIC CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cv-12646)
District Judge: Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 27, 2022

Before: KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 28, 2022)

_____

_____

OPINION[*]
_____

PER CURIAM

This is a product liability action concerning the Greenfield™ Vena Cava Filter (the "Greenfield Filter"), a medical device manufactured by the appellee, Boston Scientific Corporation.[1] The appellant, Richard Greisberg, alleged in the operative second amended complaint that in 2002, he was given a Greenfield Filter to protect against pulmonary embolism. According to Greisberg, the filter began to tilt sometime after implantation, causing it to penetrate the wall of the superior vena cava, thus exposing his organs to potential damage. Greisberg claimed that Boston Scientific failed to provide adequate warnings about the risk of migration, penetration, and premature death associated with the Greenfield Filter, in violation of New Jersey's Product Liability Act, N.J. Stat. Ann. §2A:58C-4.[2] The District Court granted Boston Scientific's motion to dismiss the second amended complaint. Greisberg appealed.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Greenfield Filter is subject to federal regulations and oversight by the Federal Drug Administration (FDA), having received clearance under §510(k) of the Medical Device Amendment on November 8, 1990.

[2] Greisberg has abandoned his other claims on appeal. Therefore, we will not consider them. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

We have jurisdiction under 28 U.S.C. § 1291.[3] We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In addition to the complaint, a district court may consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Under New Jersey law, a manufacturer of a product is liable for harm caused by a product that is "not reasonably fit, suitable or safe for its intended purpose" if, as relevant here, it "failed to contain adequate warnings or instructions." N.J. Stat. Ann. § 2A:58C-2. When the product at issue is a medical device, the manufacturer's duty to warn applies to the physician as a "learned intermediary" rather than to the patient himself.[4] Hrymoc v. Ethicon, Inc., 249 A.3d 191, 217 (N.J. Super. Ct. App. Div. 2021). "If the warning or instruction given in connection with a [device] has been approved or prescribed by the [FDA] . . . , a rebuttable presumption shall arise that the warning or instruction is adequate." N.J. Stat.

---

[3] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332(a).

[4] As the District Court noted, Greisberg did not allege that Boston Scientific marketed the device directly to consumers. C.f. Perez v. Wyeth Labs. Inc., 734 A.2d 1245, 1257 (N.J. 1999) (holding that the learned intermediary doctrine does not apply to the direct marketing of drugs to consumers).

Ann. § 2A:58C-4. To overcome this presumption, a plaintiff must plead specific facts alleging "deliberate concealment or nondisclosure of after-acquired knowledge of harmful effects, or manipulation of the post-market regulatory process[.]" Cornett v. Johnson & Johnson, 48 A.3d 1041, 1056 (N.J. 2012) (citations and quotation marks omitted), abrogated on other grounds by McCarrell v. Hoffmann-La Roche, Inc., 153 A.3d 207 (N.J. 2017).

We agree with the District Court that Greisberg failed to state a claim because the warnings provided by Boston Scientific in connection with the Greenfield Filter were adequate as a matter of law. First, it is undisputed that the Greenfield Filter is subject to FDA oversight. Therefore, the warnings accompanying the filter are subject to the "super-presumption" in § 2A:58C-4. See Kendall v. Hoffman-La Roche, Inc., 36 A.3d 541, 554 (N.J. 2012). Second, Greisberg does not allege that Boston Scientific deliberately concealed or withheld known harmful effects associated with the Greenfield Filter, or that Boston Scientific manipulated the post-market regulatory process. Rather, Greisberg alleges only that the Directions for Use did not adequately instruct doctors to advise their patients to monitor the position of the device over time. Therefore, the District Court correctly concluded that Greisberg failed to plead facts sufficient to rebut the presumption.

We have considered Greisberg's remaining arguments on appeal and conclude that they are meritless. In particular, while he challenges the leniency afforded to him as a pro se litigant and asserts that he was given improper advice from a law clerk, his allegations against Boston Scientific nonetheless do not state a claim as a matter of law. Accordingly, we will affirm.

4